# *IN THE DISTRICT COURT OF THE UNITED STATES*

## *for the Western District of New York*

---

|  |  |
|---|---|
|  | MARCH 2023 GRAND JURY<br>(Impaneled 03/24/2023) |
| **THE UNITED STATES OF AMERICA** | **INDICTMENT** |
| *-vs-* | Violations:<br>Title 18, United States Code, Sections 1343, and 2<br>(4 Counts, Section 3147 Allegation, and 1 Forfeiture Allegation) |
| **PETER GERACE, JR.** |  |

### INTRODUCTION

**The Grand Jury Charges That:**

At all times relevant to this Indictment:

1. Defendant PETER GERACE, JR. ("GERACE") was a resident of Clarence, New York, within the Western District of New York.

2. Pharaohs GC, Inc. ("PGC") was a domestic corporation incorporated under the laws of the State of New York on or about March 25, 2005. PGC had a principal place of business at 999 Aero Drive, Cheektowaga, New York. GERACE was the 100% owner of PGC and served as the Chief Executive Officer of PGC.

3. PGC was a "gentlemen's club" or "strip club." PGC offered live sexual performances to patrons in the form of exotic and/or nude dancing, *i.e.* "stripping" and/or "lap dances." PGC employed dancers as independent contractors or W-2 employees. The dancers charged PGC's patrons for private or semi-private lap dances. Dancers charged the

patrons a fixed rate per song and accepted tips.  The dancers would then contribute a portion of the funds received to PGC.

### The Small Business Administration and Economic Injury Disaster Loan Program

4.  The United States Small Business Administration ("SBA") is an agency within the Executive branch of the United States government that provides support to entrepreneurs and small businesses.  The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities following disasters.

5.  The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 that was designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.  One source of financial relief was the Economic Injury Disaster Loan ("EIDL") Program. The EIDL Program was designed to provide low-interest loans to qualifying small businesses to help them meet financial obligations and operating expenses that would have been met had a disaster not occurred.

6.  To obtain a loan under the EIDL Program, a qualifying business was required to submit an online EIDL application to the SBA with truthful and accurate information.  The EIDL application was required to be signed by an authorized representative of the business.  The applicant was required to certify, among other things, that: (a) "[the] applicant does not present live performances of a prurient sexual nature or derive directly or indirectly more than de minimis gross revenue through the sale of products or services, or the presentation of any depictions or displays, of a prurient sexual nature;" (b) the applicant was not "presently

subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction"; and (c) the applicant had not ever "been convicted, plead guilty, plead nolo contender, been placed on pretrial diversion, or been placed on any form of parole or probation" "for any criminal offense." The questions on the application, including these specific questions, were material to the SBA's determination of eligibility for an EIDL.

7. Before an EIDL could be disbursed, the applicant was required to review and sign a Loan Authorization and Agreement ("LA&A"). By signing the LA&A, the applicant certified, among other things, that "[a]ll representations in the Borrower's Loan application (including all supplementary submissions) are true, correct and complete and are offered to induce SBA to make this loan." This certification was material to determining eligibility for an EIDL.

8. An applicant under the EIDL Program could also apply to modify an EIDL to, among other things, increase the amount of the loan. If the modification application was approved, the applicant was required to review, certify, and execute an Amended LA&A. By executing the Amended LA&A, the applicant certified, among other things, that: (a) "[t]here has been no substantial adverse change in Borrower's financial condition . . . since the date of the application for this Loan[ ] (Adverse changes include, but are not limited to: judgement liens, tax liens, mechanic's liens, bankruptcy, financial reverses, arrest or conviction of felony, etc."; and (b) "[a]ll representations in the Borrower's Loan application (including all supplementary submissions) are true, correct and complete, and are offered to induce SBA to make this loan." This certification was material to determining eligibility for modification of an existing EIDL.

## COUNTS 1 - 4

### (Wire Fraud)

### The Grand Jury Further Charges That:

9. The allegations in paragraphs 1 through 8 of the Introduction of this Indictment are incorporated herein by reference.

10. Between in or about March 2020, the exact date being unknown, and on or about December 2021, in the Western District of New York, and elsewhere, the defendant, PETER GERACE, JR., did devise, and intend to devise, a scheme and artifice to defraud the SBA and to obtain money and property from the SBA by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice did transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds.

11. The purpose of the scheme and artifice was for GERACE to trick and mislead the SBA into approving a loan and two loan modifications under the EIDL Program by providing false material information to the SBA and certifying the truth, correctness, and completeness of that information. Specifically, as to the initial EIDL application, GERACE falsely certified that PGC did not present live performances of a prurient sexual nature, or derive directly or indirectly more than de minimis gross revenue through the sale of products or services, or the presentation of any depictions or displays, of a prurient sexual nature; and that he had never been convicted for any criminal offense. As to the two loan modifications, GERACE falsely certified that, since the date of the initial EIDL application, there had been no substantial adverse change in PGC's financial condition, and he had not been arrested for a felony.

**The April 5, 2020 Economic Injury Disaster Loan Application**

12. On or about April 5, 2020, GERACE submitted an online loan application under the EIDL Program to the SBA on behalf of PGC. The loan application was electronically submitted by GERACE, and caused to be submitted by GERACE, from the Western District of New York to servers located outside the State of New York.

13. In the April 5, 2020 EIDL application, GERACE falsely and fraudulently represented to the SBA that PGC did not present live performances of a prurient sexual nature or derive directly or indirectly more than de minimis gross revenue through the sale of products or services, or the presentation of any depictions or displays, of a prurient sexual nature.

14. In the April 5, 2020 EIDL application, GERACE also falsely and fraudulently represented to the SBA that he had never been convicted of any criminal offense.

15. On June 12, 2020, GERACE executed the LA&A in support of his fraudulent April 5, 2020 EIDL application. In that Agreement, GERACE certified that "[a]ll representations in the Borrower's Loan application (including all supplementary submissions) are true, correct and complete, and are offered to induce SBA to make this loan." In fact, as GERACE then and there well knew, the representations on PGC's EIDL application were "not true, correct, and complete" because: (a) PGC operated as a strip club, and, as such, presented live performances of a prurient sexual nature, and derived directly or indirectly more than de minimis gross revenue through the sale of products and services, and the presentation of depictions and displays of a prurient sexual nature; and (b) because GERACE was previously convicted of a criminal offense, that is, a conviction in United States District Court for the Western District of New York, on or about November 23, 2005, for Conspiracy

to Commit Wire Fraud in violation of 18 U.S.C. § 371. The LA&A application was electronically submitted by GERACE, and caused to be submitted by GERACE, from the Western District of New York to servers located outside the State of New York.

16.     Based on GERACE's false and fraudulent certifications, the SBA approved the loan application on or about June 12, 2020, and disbursed $150,000 in United States funds to PGC under the EIDL Program.

**The August 7, 2021 Economic Injury Disaster Loan Increase Application**

17.     Between on or about April 21, 2021, and on or about May 21, 2021, GERACE contacted the SBA and requested that the amount PGC borrowed under the EIDL be increased.

18.     On or about August 7, 2021, GERACE executed an Amended LA&A, seeking to increase the loan he received under the EIDL Program to $500,000. In the Amended LA&A, GERACE again falsely certified that "[a]ll representations in the Borrower's Loan application (including all supplementary submissions) are true, correct and complete, and are offered to induce SBA to make this loan." In fact, as GERACE then and there well knew, the representations on PGC's EIDL application were "not true, correct, and complete" because, as described above: (a) PGC still operated as a strip club and presented live performances of a prurient sexual nature and derived more than de minimis gross revenue through the sale of products and services, and the presentation of depictions and displays of a prurient sexual nature; and (b) GERACE had been convicted of a criminal offense, that is, a federal felony in 2005. The false Amended LA&A application was electronically submitted by GERACE from the Western District of New York to servers located outside the State of New York.

19.     In the Amended LA&A, GERACE further certified that "[t]here has been no substantial adverse change in Borrower's financial condition . . . since the date of the application for this loan[ ] (Adverse changes include, but are not limited to: judgement liens, tax liens, mechanic's liens, bankruptcy, financial reverses, arrest or conviction of a felony, etc.)." In fact, as GERACE then and there well knew, GERACE and PGC had experienced substantial adverse changes in financial circumstances since the date of the application for the EIDL. Specifically: (a) on or about February 25, 2021, GERACE was indicted and subsequently arrested on felony offenses charged in United States District Court for the Western District of New York in Case No. 19-CR-00227; and (b) as part of that indictment, "the premises, buildings, appurtenances, improvements, fixtures, and real property" associated with or owned by GERACE and PGC at 999 Aero Drive, Cheektowaga, New York had been designated subject to criminal forfeiture.

20.     Based on GERACE's false and fraudulent certifications, the SBA approved the loan modification, and on or about August 10, 2021, disbursed an additional $350,000 to PGC under the EIDL Program.

**The December 19, 2021 Economic Injury Disaster Loan Increase Application**

21.     On or about September 27, 2021, GERACE again contacted the SBA and requested that the amount PGC borrowed under the EIDL be increased.

22.     On or about December 19, 2021, GERACE executed a Second Amended LA&A, increasing the loan he received under the EIDL Program to $2,000,000. In the Second Amended LA&A, GERACE again falsely certified that "[a]ll representations in the Borrower's Loan application (including all supplementary submissions) are true, correct and

complete, and are offered to induce SBA to make this loan." In fact, as GERACE then and there well knew, the representations on PGC's EIDL application were not "true, correct, and complete" because, as described above: (a) PGC still operated as a strip club and presented live performances of a prurient sexual nature and derived more than de minimis gross revenue through the sale of products and services, and the presentation of depictions and displays of a prurient sexual nature; and (b) GERACE had been convicted of a criminal offense, that is, a federal felony in 2005. The Second Amended LA&A application was electronically submitted by GERACE from the Western District of New York to servers located outside the State of New York.

23.   In the Second Amended LA&A, GERACE further certified that "[t]here has been no substantial adverse change in Borrower's financial condition . . . since the date of the application for this loan[ ] (Adverse changes include, but are not limited to: judgement liens, tax liens, mechanic's liens, bankruptcy, financial reverses, arrest or conviction of a felony, etc.)." In fact, as GERACE then and there well knew, GERACE and PGC had experienced substantial adverse changes in financial circumstances since the date of the application for the EIDL. Specifically: (a) on or about February 25, 2021, GERACE was indicted and subsequently arrested on felony offenses charged in United States District Court for the Western District of New York in Case No. 19-CR-00227; and (b) as part of that indictment, the "the premises, buildings, appurtenances, improvements, fixtures, and real property" associated with or owned by GERACE and PGC at 999 Aero Drive, Cheektowaga, New York had been designated subject to criminal forfeiture.

24. Based on these false and fraudulent certifications, the SBA approved the loan modification, and on or about December 23, 2021, disbursed an additional $1,500,000 to PGC under the EIDL Program.

25. On or about the dates set forth below, in the Western District of New York, and elsewhere, the defendant, PETER GERACE, JR., for the purpose of executing the scheme and artifice, did transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, that is, the wire communications set forth below:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 1 | April 5, 2020 | Electronic submission of a false Economic Injury Disaster Loan application from Buffalo, New York to a United States Small Business Association contractor in West Des Moines, Iowa, via internet portal. |
| 2 | June 12, 2020 | Electronic submission of a false Loan Authorization and Agreement and other closing documents in support of the fraudulent April 5, 2020 EIDL application via DocuSign from Buffalo, New York to DocuSign servers outside of New York State. |
| 3 | August 7, 2021 | Electronic submission of a false Amended Loan Authorization and Agreement and other closing documents via DocuSign from Buffalo, New York to DocuSign servers outside of New York State. |
| 4 | December 19, 2021 | Electronic submission of a second false Amended Loan Authorization and Agreement and other closing documents via DocuSign from Buffalo, New York to DocuSign servers outside of New York State. |

**All in violation of Title 18, United States Code, Sections 1343 and 2.**

## ALLEGATION PURSUANT TO 18 U.S.C. § 3147

**The Grand Jury Alleges That:**

26. As the defendant, PETER GERACE, JR., had been released pursuant to Chapter 207 of Title 18, United States Code, at the time of the commission of the felony offenses alleged in Counts 3 and 4 of this Indictment, should the defendant be convicted of Count 3 or Count 4 of this Indictment, the defendant is subject to the term of imprisonment prescribed in Title 18, United States Code, Section 3147(1), in addition to the penalties otherwise provided by law.

**All pursuant to Title 18, United States Code, Section 3147.**

## FORFEITURE ALLEGATION

**The Grand Jury Alleges That:**

27. Upon conviction of any offense alleged in Counts 1 through 4 of this Indictment, the defendant, PETER GERACE, JR., shall forfeit to the United States, all his right, title and interest in any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses, including but not limited to:

> **MONEY JUDGMENT:**
>
> The sum of approximately two million dollars ($2,000,000) in United States currency that represents proceeds that defendant obtained from his involvement in the criminal conduct, which if not readily available will become a monetary judgment and will serve as a lien against the defendant's property, wherever situated, with interest to accrue at the prevailing rate per annum until fully satisfied in the event this amount is not located.

If any of the property described above, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the monetary judgment.

**All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).**

DATED: Buffalo, New York, June 8, 2023.

                              TRINI E. ROSS
                              United States Attorney

BY:    <u>S/DAVID J. RUDROFF</u>
          DAVID J. RUDROFF
          Assistant United States Attorney
          United States Attorney's Office
          Western District of New York
          138 Delaware Avenue
          Buffalo, New York 14202
          716/843-5806
          David.Rudroff@usdoj.gov

A TRUE BILL:

<u>S/FOREPERSON</u>
FOREPERSON