IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                                                23-CR-60

PETER G. GERACE, JR.,

                Defendant.

## RESPONSE TO DEFENSE MOTION TO
## ADJOURN PRETRIAL MOTION DEADLINE

THE UNITED STATES OF AMERICA, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, David J. Rudroff, Assistant United States Attorney, of counsel, hereby opposes the defense motion to adjourn the pretrial motions deadline.

On June 8, 2023, a Grand Jury sitting in the Western District of New York returned an Indictment charging the defendant with four counts of wire fraud related to a series of loans he received under the Small Business Administration's Economic Injury Disaster Loan program. Dkt. 1. The defendant was arraigned on June 15, 2023, and the Court set a schedule for the filing of pretrial motions. *See* June 15, 2023, Minute Entry. At that time, the defendant requested a deadline for pretrial motions in November 2023—five months after arraignment—due to the defendant's impending trial in Case Nos. 19-CR-227 and 23-CR-37 (the "Consolidated Cases").

The defense did not file pretrial motions by the November 13, 2023, deadline. Instead, on November 17, 2023, the defense moved for an extension of time to file motions. The

defense cited the need to "continue" reviewing discovery, which consisted of a mere 336 pages, and which had not been picked up by the defense as of that date of that filing. *See* Dkts 23 and 24. The government opposed the motion and requested that any adjournment not exceed 30 days. Dkt. 24.

The Court granted the defense motion to adjourn and directed that "NO FURTHER EXTENSIONS WILL BE GRANTED." Dkt. 25 (Capitalization in original).

On January 16, 2024—the adjourned deadline for pretrial motions—Mr. Foti emailed the undersigned AUSA and asked the government's position on a further adjournment of the motion deadline. I did not immediately see that email because I was on extended leave from the office. My automated away message, however, directed that immediate requests could be forwarded to my legal assistant, who could then contact me on my personal telephone. Mr. Foti's request was never forwarded through my legal assistant to obtain my position.

Instead, later that same day, the defense moved (nominally through Mr. Soehnlein, but supported by a declaration of Mr. Foti) to adjourn the pretrial motions deadline again, this time for 60 days. Dkt. 27. The motion states, in sum and substance, that Mr. Soehnlein has been unable to work with the defendant to prepare pretrial motions because of a pending motion to disqualify him in the Consolidated Cases. *Id.* The defense further states that Mr. Foti does not represent the defendant on this matter, and, although he is still counsel of record and has never moved to withdraw or be relieved as counsel, Mr. Cohen "is no longer involved in the defense of this matter." Dkt. 27-1 ¶¶ 2 and 4. For the reasons that follow, the Court

should deny the motion to adjourn the pretrial motion deadline and should instead schedule a status conference to address Mr. Gerace's counsel issue before a trial date is set.

First, the defense motion does not explain how the pending motion to disqualify Mr. Soehnlein in the Consolidated Cases affects his representation of the defendant in the instant case. The government has not moved to disqualify Mr. Soehnlein in the instant case and is not aware of any legal impediment to his continued representation. The unrelated motion to disqualify therefore does not provide a sufficient justification to adjourn the motion deadlines here, especially not where the Court has previously indicated that no further adjournments would be granted.

Second, the defendant still has able counsel who could have and should have prepared pretrial motions for the defendant. Steven M. Cohen and Tyler J. Eckhert, of Tiveron Law PLLC, remain counsel of record for the defendant. Until this motion, neither attorney has moved to withdraw as counsel.[1] To the extent Mr. Cohen "is no longer involved in the defense of this matter" (Dkt. 27-1 ¶ 4), that fact is not reflected in the record and does not excuse the failure to prepare pretrial motions.

Third, the defense emphasizes that the motion to disqualify Mr. Soehnlein from the Consolidated Cases was filed the day after the government opposed the last adjournment request. Dkt. 27-1 ¶ 9. If, as the defense suggests, that motion prohibited Mr. Soehnlein from

---

[1] Mr. Cohen appears to have filed a separate declaration joining in the defense motion and further requesting that Mr. Foti be substituted for him as counsel for Mr. Gerace. Dkt. 28 ¶ 7. It is not clear if this declaration is meant as a separate motion to withdraw as counsel. It is, however, inconsistent with Mr. Foti's representation that he has not been retained by Mr. Gerace in this matter (Dkt. 27-1 ¶¶ 2, 14). The other inflammatory allegations in Mr. Cohen's declaration will not addressed here as they are irrelevant to the motion before the Court.

representing Mr. Gerace in this instant matter, the defense has not explained its failure to bring that to the attention of the Court and the government in November 2023. The defense could have filed a motion for a *Curcio* hearing to explore whether and to what extent the alleged conflict in the Consolidated Cases extended to the instant case, or moved to adjourn the motions deadline at that time. Instead, the government first learned that Mr. Soehnlein was not working on this matter on January 16, 2023—the day pretrial motions were due.

Given the history of this case, the straightforward nature of the charges and the evidence, and the Court's prior admonition that no further adjournments would be granted, the defense has not proffered a sufficient justification for its failure to prepare and file timely pretrial motions. The Court should adhere to its prior order and deny the current motion to adjourn. Further, given the confusion apparent from the defense motion papers, the Court should schedule a status conference at which the defendant is present, and address the issue of Mr. Gerace's representation.

For these reasons, the government respectfully requests that the Court deny the motion to adjourn.

DATED: Buffalo, New York, January 23, 2024.

                              TRINI E. ROSS
                              United States Attorney

BY:    s/DAVID J. RUDROFF
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716/843-5806
        David.Rudroff@usdoj.gov