```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA,       )
                                ) Case No. 1:23-CR-00060
                                )             (JLS)(MJR)
              Plaintiff,        )
                                )
vs.                             ) February 8th, 2024
                                )
PETER GERACE, JR.,              )
                                )
              Defendant.        )


              TRANSCRIPT OF STATUS CONFERENCE
         BEFORE THE HONORABLE MICHAEL J. ROEMER
              UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

For the Plaintiff:    TRINI E. ROSS
                      UNITED STATES ATTORNEY
                      BY:  DAVID RUDROFF, ESQ.
                      ASSISTANT UNITED STATES ATTORNEY
                      138 Delaware Avenue
                      Buffalo, NY 14202

Speaker Present:      PERSONIUS MELBER
                      BY:  RODNEY PERSONIUS, ESQ.
                      2100 Main Place Tower
                      350 Main Street
                      Buffalo, NY 14202

Audio Recorder:       ROSALIE ZAVARELLA

Transcriber:          MEGAN E. PELKA, RPR
                      Robert H. Jackson US Courthouse
                      2 Niagara Square
                      Buffalo, NY 14202
                      (716) 229-0880

      Proceedings recorded with electronic sound recording,
transcript prepared with computer-aided transcription.
```

1      THE CLERK:  We're here on the matter of USA v. Peter
2  Gerace, case number 22-CR-60, for a status conference.
3  Counsel for the government, please state your name for the
4  record.
5      MR. RUDROFF:  Good afternoon, Your Honor.  David
6  Rudroff on behalf of the government.
7      THE CLERK:  Thank you.  Counsel for the defendant,
8  please state your name for the record.
9      MR. PERSONIUS:  Your Honor, Rodney Personius.  I'm
10 here because our firm represents Mr. Soehnlein on a matter
11 that's related to this case.  And, if you would permit me to
12 speak on his behalf today, I'd be grateful.  Our advice to him
13 right now is that he not be making any statements or having
14 any contact at all with the defendant.
15     THE COURT:  I'm -- expect to see Mr. Foti.
16     MR. PERSONIUS:  Oh, and Mr. Foti -- I'm sorry, Judge.
17 Mr. Foti replaced me as the national representative for the
18 CJA panel.  They have an annual conference, and I believe that
19 starts today.  So, he's *en route* to Baltimore.  So, that's the
20 reason he's not here.  I'm sorry.  I thought that had been
21 communicated to the Court.
22     THE COURT:  Well, I didn't know.  I -- that's all
23 right, because the first question I was going to ask was,
24 who's on first?  Who's representing Mr. Gerace in this case?
25 And I guess it's Mr. Foti?

1          MR. PERSONIUS:  No.  That's -- that has been
2   suggested, and something that I know was shared with the
3   Court.  At this point, it's not correct.  It's being, I think
4   you could say, explored.  But, at this point, that is not any
5   way --
6          THE COURT:  I think Mr. Foti filed an affidavit
7   saying -- maybe he used the word like in the process of
8   being --
9          MR. PERSONIUS:  Yes.
10         THE COURT:  -- retained or something like that.  But
11  that hasn't concluded yet?
12         MR. PERSONIUS:  No, it hasn't.  And that -- there's
13  been another -- as the Court may know, there's been another
14  indictment that's been filed where Mr. Gerace is named, and
15  a --
16         THE COURT:  That's, I guess, for lack of a better
17  term, that's the witness tampering indictment?
18         MR. PERSONIUS:  Yes.  Right.  Right.  And Mr. Foti is
19  exploring also on that whether he's going to get involved in
20  that case.
21         THE COURT:  Okay.
22         MR. PERSONIUS:  But this, I think, to be very frank,
23  it appears to me what's happened is, and it doesn't make it
24  right, in terms of these many cases that are floating around,
25  unfortunately, this seems to be at the furthest back burner.

1    And that's not out of any disrespect, but I think that's, to
2    be very frank --
3              THE COURT:  To be honest with you, I think it's
4    perfectly understandable.  Okay.  So, is anybody going to
5    argue on Mr. Gerace's side for the extension today?
6              MR. PERSONIUS:  If -- I've talked to Mr. Rudroff.
7    And, from my reviewing of the papers, and from talking to him,
8    I think we're in agreement that the issue on 19-CR-227, where
9    the motion to disqualify has been filed involving
10   Mr. Soehnlein, that, our view, I think the government agrees,
11   is, if the Court would consider this case being held in
12   abeyance until that issue is determined.
13      The schedule on that right now, Judge, is that argument of
14   that motion in front of Judge Vilardo is set for March 15th at
15   10:30.  There's a couple of filings before that.
16             THE COURT:  Okay.  What's the motion that's going to
17   be argued on March 15th?
18             MR. PERSONIUS:  The motion to disqualify --
19             THE COURT:  Oh, the motion to disqualify?
20             MR. PERSONIUS:  Yes.
21             THE COURT:  Okay.
22             MR. PERSONIUS:  And it seems like that needs to get
23   resolved before --
24             THE COURT:  Sure.
25             MR. PERSONIUS:  -- counsel on this case could be --

1           THE COURT:  And is there no trial date set for
2    Mr. Gerace yet?  Okay.
3           MR. PERSONIUS:  Not on Mr. Gerace.  The --
4           THE COURT:  Right.
5           MR. PERSONIUS:  The Bongiovanni case --
6           THE COURT:  Mr. Bongiovanni is supposed to start next
7    week.
8           MR. PERSONIUS:  Exactly.  Right.
9           THE COURT:  And then, obviously, Mr. Gerace is to
10   follow at some point.
11          MR. PERSONIUS:  Yes.  Right.
12          THE COURT:  Okay.  Mr. Rudroff?
13          MR. RUDROFF:  Yes, Judge.  I did speak with
14   Mr. Personius before court this afternoon.  Our position
15   regarding the extension on the motion schedule is going to be
16   what we've put in our; papers, essentially, that no extension
17   should be granted.
18      But I do think, at this point, we're in sort of a tough
19   situation, because it appears that even though Mr. Gerace has
20   three attorneys on paper, he has none in fact.  I know
21   Mr. Cohen moved, or quasi-moved, to withdraw through his most
22   recent declaration which he submitted to the Court.  That was
23   the first notice that I received that Mr. Cohen was not
24   involved in this case.  I knew that he had moved to be
25   withdrawn from, what I've called, the consolidated cases.  As

1  far as Mr. Foti, I think his position's clear.  So, at this
2  point -- and Mr. Soehnlein is taking the position on advice of
3  counsel that he can't work on this case until a
4  disqualification motion is decided.  So, I do think, Judge,
5  that the disqualification issue in the consolidated cases
6  likely presents a potential conflict in this case.  I think
7  the Court should order some type of Curcio process to
8  establish how the proceedings in the consolidated cases affect
9  representation here.
10     As far as whether we're just going to import filings from
11 the other case to here and sort of ride the coattails of that
12 proceeding, I would leave to the Court.  I know that's what
13 we've sort of discussed with Mr. Personius before court today,
14 but I do think the Court should order some type of a Curcio
15 process to get under way or a --
16          THE COURT:  I'm not going to order a Curcio thing
17 until this thing is resolved upstairs.  I'm not going to do
18 anything with this case until that case goes to trial or
19 whatever.
20     The Speedy Trial Act 3161(h)(1)(B) allows time to be
21 excluded for delay resulting from trial with respect to other
22 charges against the defendant.  I think that's exactly what we
23 have going on here.  Right now, you've charged the --
24 Mr. Gerace in four separate indictments.  And you can't expect
25 them to defend all four separate indictments at the same time.

1   That's just not fair, and it's not logical, and it can't be
2   done.  So, I'm going to set a status conference two, three
3   months out, and we'll see where we are at that point.  But I'm
4   not going to require filing of any motions or anything in the
5   meantime.  Okay.  June?
6               MR. PERSONIUS:  That's certainly fine with us, Judge.
7   Thank you very much.
8               THE COURT:  Okay.  Rosalie?  August.  Obviously,
9   Mr. Rudroff, if, somehow, all these cases go away or whatever,
10  contact me.  We'll get it on the calendar.
11              MR. RUDROFF:  I understand, Your Honor.
12              THE CLERK:  August 6th at 11:30.
13              MR. RUDROFF:  That works for the government.
14              THE CLERK:  Thank you.
15              MR. PERSONIUS:  Thank you, Judge.
16              MR. SOEHNLEIN:  Thank you, Judge.
17              THE COURT:  And I will -- I think the time is
18  automatically excluded because it's a delay resulting from the
19  trial with respect to other charges against the defendant.
20  I'll also find that the time should be excluded in the
21  interests of justice.  We have this issue about counsel.
22  We've got to get that straight before, I think, anybody can
23  file any motions, okay?  Anything further?
24              MR. RUDROFF:  Nothing from the government, Your
25  Honor.

1        MR. PERSONIUS:  No, Your Honor.  Thank you.
2        THE COURT:  All right.  Have a good rest of the day.
3   (Proceedings concluded.)

CERTIFICATE OF TRANSCRIBER

In accordance with 28, USC, 753(b), I certify that this is a true and correct record of the proceedings held in the United States District Court for the Western District of New York before Honorable Magistrate Judge Michael J. Roemer on February 8th, 2024.

s/ Megan E. Pelka, RPR

Megan E. Pelka, RPR

Transcriber